PEOPLE, PLAINTIFF AND APPELLEE, *v.* MARTÍNEZ, DEFENDANT
AND APPELLANT.

APPEAL from the District Court of San Juan, Section 2, in
a Prosecution for False Representation.

No. 1384.—Decided July 8, 1919.

FALSE REPRESENTATION — JURISDICTION. — The defendant was charged with the
crime of attempted false representation, consisting in that, with the inten-
tion of defrauding Eduardo Méndez of the sum of $5,000 he endorsed to
the order of the American Colonial Bank of San Juan for collection and
deposit to his account a check drawn in Aguadilla by the said Méndez to
the order of the defendant and against the Aguadilla branch of the Banco
Comercial de Puerto Rico, knowing that said check was not valid and payable
because the amount for which it was drawn had been paid previously to

the defendant. The judgment of conviction entered by the District Court of San Juan, Section 2, having been appealed from, *Held:* That as the only action taken by the American Colonial Bank, a resident of the district of San Juan, was to attempt to collect in Aguadilla, the residence of Eduardo Méndez, the check which, as valid and payable, was sent to it by mail by the appellant, the District Court of San Juan had no jurisdiction of the facts set up in the information, because neither the false representation nor the collection of the check occurred within its district, and the only act of the bank within this jurisdiction, as agent of the appellant, did not give this court jurisdiction of the crime charged.

The facts are stated in the opinion.

*Messrs. Feliu & Alemañy* and *Víctor P. Martínez* for the appellant.

*Messrs. José N. Quiñones,* Acting *Fiscal,* and *José E. Figueras, Fiscal* of the Supreme Court, for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

Appellant Víctor P. Martínez was charged in the District Court of San Juan, Section 2, with the crime of attempted false representation and cheats and pleaded on several occasions that the court had no jurisdiction of the case. His motions for dismissal on that ground were overruled. He appealed from the judgment of conviction and now alleges in this court, among other reasons for the reversal of the judgment, that the lower court had no jurisdiction of the case; therefore we shall first consider this question, for if he is right in this contention all the acts of the lower court were null and void.

The information charges the appellant with wilfully and maliciously and with the intention of defrauding Eduardo Méndez of the sum of $5,000 having endorsed on August 12, 1917, to the order of the American Colonial Bank of San Juan, within the judicial district of San Juan, for collection by that bank and deposit to his account a check drawn in Aguadilla by Eduardo Méndez on June 22, 1914, payable to the defendant and against the Aguadilla branch of the Banco Comercial de Puerto Rico for the sum of $5,000, he having endorsed the check as good and payable knowing that it was not because the amount for which it was drawn had

been paid to him by means of an order of the Aguadilla branch of the Banco Comercial de Puerto Rico issued on the same day that the check was drawn, but at a later hour, and that by such false and fraudulent representations the defendant procured that the American Colonial Bank undertook the collection of the said check from the Aguadilla branch of the Banco Comercial de Puerto Rico, in which Eduardo Méndez had funds deposited, albeit it was not so collected because the latter bank notified the drawer of the check who protested against its being valid and payable.

From the evidence it appears that appellant is a resident of San Sebastián; that he sent the said check by mail with a letter addressed to the American Colonial Bank, and that Eduardo Méndez is a resident of Aguadilla.

The rule for determining the jurisdiction in a case of attempted false representation is the rule that would apply if the attempt had been successful, and as the only action taken by the American Colonial Bank, a resident of the district of San Juan, was to undertake to collect in Aguadilla, the residence of Eduardo Méndez, the check which, as good and payable, was sent to it by mail by the appellant, the District Court of San Juan had no jurisdiction of the case as found in the information, because the false representation was not committed nor the collection of the check effected within its district, and the only act of the bank within its jurisdiction, as agent of the appellant, did not give the court jurisdiction of the crime charged.

The judgment must be

*Reversed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.